INTERSTATE LIEN CORPORATION, Plaintiff, *v.* MARIE SCHMIDT et al., Defendants.

County Court, Erie County, March 29, 1943.

*Stephen Goldstein* for plaintiff.

*Stanley H. Montfort* for Gulf Oil Corporation and Hygrade Oil & Fuel Corporation, defendants.

*Andrew P. Ronan, Corporation Counsel (Samuel Blinkoff* of counsel), for City of Buffalo and Buffalo Sewer Authority, defendants.

*Ralph A. Lehr, County Attorney (Maurice J. Rumizen* of counsel), for County of Erie, defendant.

WARD, J. Incidental to an action to foreclose certain tax liens, a motion is brought " for an order confirming in all respects the annexed referee's report, and for judgment of foreclosure and sale, et cetera, which said judgment, among other things, shall determine the issue raised by the answer of the defendant, Gulf Oil Corporation, pursuant to stipulation * * * ". Although the facts are agreed upon as true, this is not technically a " submission of controversy upon agreed facts " pursuant to section 546 of the Civil Practice Act.

The agreed facts are: ·That the Gulf Oil Corporation, one defendant herein, " entered into a lease [not recorded in Erie County Clerk's office] for the operation of a gasoline station on the premises described in the complaint in this action, which lease is dated the 24th day of July, 1934, and was to run for a period of ten years; " " that in and by said lease, the buildings which were to be constructed upon the said leased premises, and all tanks, equipment and improvements were to remain the property of the lessee, and were to be removed at the expiration of the lease. That subsequent to the execution of the said lease, the Hygrade Oil and Fuel Corporation, the predecessor of the Gulf Oil Corporation, took possession of the premises, which it had leased, and constructed a gasoline filling station and installed driveways, tanks, equipment and other improvements; " " that the lease was thereafter assigned and transferred to the defendant Gulf Oil Corporation, who has continuously been in possession and operating the gasoline filling station upon the said premises; " " that the Gulf Oil Corporation is the owner of the buildings, improvements, tanks, pumps and equipment which it has placed upon the said premises; " " the sole question to be determined as to whether or not in this action the buildings, tanks, equipment and improvements belonging to the Gulf Oil Corporation can be sold by

virtue of the tax liens referred to in the complaint in this action, and for the purpose of satisfying the taxes assessed against the owners.''

The defendant City of Buffalo contends that these improvements erected under this lease, with the retention of the right of removal, were properly taxed as real estate and, therefore, they can be sold under assessments made against the name of the owner of the land and not the owner of the improvements themselves.

Generally, in determining when property, personal in its nature, becomes part of the real property several tests may be applied: *First,* to give to articles, personal in their nature, the character of real estate, the annexation must be of a permanent nature; *second,* adaptability to the use of the freehold; *third,* the intention of the parties at the time of making the annexation. (*Voorhees* v. *McGinnis,* 48 N. Y. 278, 282.)

These tests were held in a nontax case to be inapplicable to trade fixtures in *Crater's Wharf, Inc.,* v. *Valvoline Oil Co.* (204 App. Div. 840), an action by a landlord against tenant to recover for waste, because the tenant while still in possession of the leased premises removed certain buildings and structures erected by the tenant upon the premises. The defendant had entered upon the premises in 1905, under a ten-year lease executed by a former owner of the premises. The defendant erected: (1) A stable, occupied as a garage and shed, with stone foundations and concrete floor; (2) a building, called a barrel shed, erected upon concrete piers, a loading shed, upon a stone foundation, containing a concrete structure enclosing a gasoline tank; (3) a frame office building and shed, with stone foundation; (4) a gasoline storage pit and kerosene storage pit, containing tanks inclosed in stone walls; (5) a pump house, constructed of concrete and hollow tile; (6) a dock extending out in the water in front of the bulkhead. The trial judge dismissed the complaint upon the merits, and was affirmed unanimously by the Supreme Court, Appellate Division, Second Department, both courts holding that as to trade fixtures erected by a tenant upon premises leased for the purpose of trade or manufacture, the rule is that a tenant may take away whatever he erects for the purpose of carrying on trade, whether it be machinery or buildings, even though affixed to the soil or freehold.

In tax cases reference must be made to the statutes as well as the reported opinions of the courts. Subdivision 6 of section 2 of the Tax Law provides, in part: '' The terms ' land,'

' real estate,' and ' real property,' as used in this chapter, include the land itself above and under water, all buildings and other articles and structures, substructures and super-structures, erected upon, under or above, or affixed to the same; " including wharves and piers, all bridges, all telegraph lines, wires, poles and appurtenances, " fixtures permitted or authorized to be made, laid or placed in, upon, above or under any public or private road, street or ground; " et cetera.

When considering whether fixtures are personal property, exception has been made for taxation purposes by our Legislature. (General Construction Law, § 39.)

The property in issue is located in the city of Buffalo, whose Charter fails to define the constituent parts of the " real property " it may tax. This Charter does provide, however, that: " No tax on real property or special franchises shall be invalid by reason of any error or omission in naming the owner or owners on said roll  *  *  *." (Charter of City of Buffalo, § 551; Local Law No. 4, 1927 [published in Local Laws, 1932, p. 21], and Local Laws, 1934, No. 5 of City of Buffalo)

Our courts have relegated trade fixtures back to the general rule of fixtures, holding them to be " land," " real estate," and " real property," for purposes of taxation, including a gas house containing two brick gas benches with iron retorts, iron pipes, also iron gas holder, electrical generating machinery consisting of tubular boilers bricked into the floor, et cetera. (*Herkimer County Light & Power Co.* v. *Johnson,* 37 App. Div. 257, Fourth Dept.); and the like. (See, also, *Matter of New York Telephone Co.* v. *Ferris,* 257 App. Div. 415, affd. 282 N. Y. 667.) In cases involving tax assessments, therefore, it matters not that, at common law, a building, for instance, erected upon the lands of another, pursuant to an agreement with the landowner that at the end of a term the builder may remove it, may be classed as personal property belonging to the builder. (*People ex rel. Hudson River Day Line* v. *Franck,* 257 N. Y. 69, 71, citing *Smith & Britton* v. *Benson & Peck,* 1 Hill 176.)

This conclusion excluding trade fixtures from the category of personal property for taxation becomes clearer upon inspection of the definitions of " personal estate " and " personal property " in subdivision 8 of section 2 of the Tax Law, which includes chattels, money, things in action, debts, etc., but not fixtures, as such.

Therefore, in this case, it is inescapable that the buildings, tanks, equipment and improvements used in the operation of

the gasoline filling station are taxable as real property, and even though assessed against the owners of the land and not the tenant owner of the fixtures themselves, they may be sold to satisfy the taxes assessed against the landowners.

Motion granted, issue raised by answer of defendant, Gulf Oil Corporation, determined against said defendant. Prepare and submit order and judgment accordingly.