DEFIANCE MILK PRODUCTS COMPANY, Plaintiff, *v.* C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Defendant.

Supreme Court, Albany County, March 1, 1954.

*David S. Williams* and *Victor A. Lord, Jr.*, for plaintiff.

*Robert G. Blabey* for defendant.

CHRISTOPHER J. HEFFERNAN, Official Referee. In this action plaintiff is seeking a declaratory judgment declaring so much of subdivision 2 of section 64 of the Agriculture and Markets Law of the State as prohibits the sale of evaporated skimmed milk in less than ten-pound containers unconstitutional, invalid and void on the grounds it is arbitrary, capricious and unreasonable and violates the Federal and State Constitutions.

The provisions of the challenged statute are: " No person shall sell or exchange, or offer or expose for sale, or exchange, any condensed or evaporated skimmed milk, except it be in containers or packages containing ten pounds avoirdupois net weight or more, which containers or packages shall be distinctly labeled, branded or marked in block letters not less than one-half inch in height, with the words ' Condensed Skimmed Milk ' or ' Evaporated Skimmed Milk ';".

Plaintiff is a foreign corporation organized and existing under the laws of the State of Ohio and is engaged in the manufacture, sale and distribution of evaporated skimmed milk, either at wholesale or retail, or both, in many communities throughout the United States, in various types of packages containing less than ten pounds avoirdupois net weight and particularly in containers of a net weight of fourteen and one-half ounces.

In 1951, plaintiff commenced selling its product in fourteen and one-half ounce containers in this State. Thereafter it was notified by officials of the Department of Agriculture and Markets that such sales were illegal and were in violation of the statute which we have quoted. Plaintiff thereupon discontinued the sale of its product in this State and instituted the present action.

Prior to the trial plaintiff moved before the court at Special Term for summary judgment and that motion was denied by Mr. Justice ELSWORTH on the ground that the issues involved should not be decided on affidavits. Subsequently that determination was upheld by the Appellate Division *(Defiance Milk Products Co.* v. *Du Mond,* 282 App. Div. 977).

Undoubtedly a constitutional question can be determined in an action for a declaratory judgment *(Wingate* v. *Flynn,* 139 Misc. 779, affd. 233 App. Div. 785, affd. 256 N. Y. 690).

Plaintiff asserts that the statute involved, insofar as it prohibits the sale of evaporated skimmed milk in less than ten-pound containers, is unconstitutional. Defendant contends that the statute is constitutional and valid in that it tends to promote the public health, morals, safety, and welfare of the people of the State from fraud and deceit and is, therefore, justified as a valid exercise of the police power of the State.

It should be borne in mind that no attack is made by plaintiff as to the part of the statute pertaining to the markings on the containers, nor is any question raised regarding the power of the Commissioner of Agriculture and Markets to prescribe the contents of the container. The sole question here is as to the size of the container, not as to the markings thereon, nor as to the contents thereof.

The statute under attack was promulgated under the police powers of the State. By its terms plaintiff is prevented from selling its product in this State. The business of plaintiff is a property right and consequently is entitled to protection against State legislation in contravention of the State and Federal Constitutions.

Where the validity of a legislative act is challenged it is the duty of the courts to determine its constitutionality and likewise where police powers are attacked as an invasion of rights and liberties guaranteed by the fundamental law, it casts upon the courts the duty to determine whether the exercise of such power is necessary for the public good. In order to sustain legislation under the police power the courts must be able to see that its operation tends in some degree to prevent some offense or evil or to preserve public health, morals, safety and welfare, and if a statute discloses no such purpose, has no real or substantial relation to these objects, or is a palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so hold and strike down the statute. The constitutionality of measures relating to the police power is presumed. However, the mere enactment of a statute does not raise an irrebuttable presumption that the State has properly exercised its police powers. It is not a conclusive presumption or a rule of law which makes legislative action invulnerable to constitutional assault (*Borden's* v. *Baldwin*, 293 U. S. 194; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92). The Legislature cannot enact a law which is ostensibly to protect the public health, or to prevent deception in the sale of an article, but which does not relate to the public health, or to the prevention of fraud,

and thereby destroy or interfere with the property rights of an individual. Under the guise of police regulations, personal rights and private property cannot be arbitrarily invaded, and the determination of the Legislature is not final or conclusive (*Matter of Jacobs,* 98 N. Y. 98). In other words, the Legislature has no power under the guise of police regulations, arbitrarily to invade the personal rights and liberty of the individual citizen, to interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations or to invade property rights (11 Am. Jur., Constitutional Law, § 303; 16 C. J. S., Constitutional Law, § 188).

" A statute repugnant to the due process clause of the State Constitution (art. 1, § 6) is repugnant also to the due process clause of the Fourteenth Amendment of the Constitution of the United States. The clauses are formulated in the same words and are intended for the protection of the same fundamental rights of the individual and there is, logically, no room for distinction in definition of the scope of the two clauses " (*Central Sav. Bank of City of N. Y.* v. *City of New York,* 280 N. Y. 9, 10).

Unless the statute in question can be justified as a valid exercise of the police power, it must be declared unconstitutional insofar as it prohibits the sale of evaporated skimmed milk in less than ten-pound containers because its enforcement will deprive plaintiff of its property without due process of law (*Ligett Co.* v. *Baldridge,* 278 U. S. 105).

Unquestionably the Legislature is vested with wide discretion in the exercise of the police power, both in determining what the interests of the public require and what measures are reasonably necessary for the protection of such interests (16 C. J. S., Constitutional Law, § 180; 11 Am. Jur., Constitutional Law, § 305).

Although the police powers are broad there are certain well-defined limits which must be met. A law which limits constitutionally guaranteed rights must not be arbitrary, discriminatory, capricious or unreasonable and must have a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals or general welfare of the public (*People ex rel. Pinello* v. *Leadbitter,* 194 Misc. 481, affd. 275 App. Div. 864, affd. 301 N. Y. 695).

It is undisputed that plaintiff's product is a healthful and wholesome article of food. It, therefore, follows that the Legislature may not prevent its sale on the ground that it is injurious

to public health. There is no proof in this record to sustain a charge of fraud or deception. The markings on the fourteen and one-half ounce container are precisely the same as those on the ten-pound container and, hence, no one can be deceived.

In the case of *Burns Baking Co.* v. *Bryan* (264 U. S. 504), the question before the court concerned the constitutionality of a Nebraska statute which provided that every loaf of bread offered for sale had to weigh one-half pound, one pound, one and one-half pounds or exact multiples of one pound. Sales of bread of other weights were prohibited. The court in holding this statute to be unconstitutional said at pages 516–517: " No question is presented as to the power of the State to make regulations safeguarding or affecting the qualities of bread. Concretely, the sole purpose of fixing the maximum weights, as held by the Supreme Court, is to prevent the sale of a loaf weighing anything over nine ounces for a one pound loaf, and the sale of a loaf weighing anything over eighteen ounces for a pound and a half loaf, and so on. The permitted tolerance, as to the half pound loaf, gives the baker the benefit of only one ounce out of the spread of eight ounces, and as to the pound loaf the benefit of only two ounces out of a like spread. There is no evidence in support of the thought that purchasers have been or are likely to be induced to take a nine and a half or a ten ounce loaf for a pound (16 ounce) loaf, or an eighteen and a half or a 19 ounce loaf for a pound and a half (24 ounce) loaf; and it is contrary to common experience and unreasonable to assume that there could be any danger of such deception. Imposition through short weights readily could have been dealt with in a direct and effective way. For the reasons stated, we conclude that the provision, that the average weights shall not exceed the maximums fixed, is not necessary for the protection of purchasers against imposition and fraud by short weights and is not calculated to effectuate that purpose, and that it subjects bakers and sellers of bread to restrictions which are essentially unreasonable and arbitrary, and is therefore repugnant to the Fourteenth Amendment.''

Defendant stresses the fact that this statute has been in effect for thirty-two years and has not been heretofore attacked. The age of this statute does not bar the courts from scrutinizing its provisions in order to determine whether they are valid or invalid. No proof was offered as to the reason for its enactment nor for its existence today.

In my opinion this law is unconstitutional, invalid and void under both the State and Federal Constitutions, and is arbitrary and discriminatory and bears no reasonable relationship to the protection of the public either as a health measure or against fraud, under the police power of the State.

Plaintiff is therefore entitled to judgment against defendant for the relief sought together with taxable costs.