Bertram L. Newman, J.
The sole question involved here is the construction and constitutionality of subdivision 6-a of section 2 of the Tax Law, which was added by the Legislature and became effective April 15, 1954. The petitioners have been assessed for two trailers which are standing upon their real estate, one of which is owned by the petitioners, and one of which is owned by third persons who have no interest in the land in question. The facts are conceded.
The statute in question subjects trailers to taxation as real property, except transient trailers which have been located within the boundaries of a tax district for less than 60 days, and trailers which are for sale and which are not occupied, and further provides that the trailers shall be assessed to the owners of the real property on which they are located. The following memorandum was submitted to the Legislature at the time the proposed section was enacted: “More and more, families in our state, either due to occupations which require the head of the family to move from place to place or as an economy move, are now residing in so-called house trailers. These families have children who are being educated in our schools and also demand police and fire protection, use our highways, courts and other governmental services. Present law does not provide an adequate means whereby these individuals may be assessed so that they pay their fair share of real estate taxes. This bill has been designed to correct this situation.” (1954 New York State Legislative Annual, p. 306.)
The statute should be construed if possible, so as to carry out the intention of the Legislature.
“ All taxation is arbitrary, for it compels the citizen to give up a paid of his property; it is generally discriminating, for otherwise everything would be taxed, which has never yet been done, and there would be no exemption on account of education, charity or religion, and frequently it is unreasonable, but that does not make it unconstitutional, even if the result is double taxation. * * * The right to tax is not granted by the Constitution but of necessity underlies it, because government *363 could not exist or perform its functions without it. "While it may be regulated and limited by the fundamental law, it exists ‘ independently of it as a necessary attribute of sovereignty. ’ * * * ‘ The power of taxation being legislative, all the incidents are within the control of the legislature. The purposes for which a tax shall be levied; the extent of taxation; the apportionment of the tax; upon what property or class of persons the tax shall operate; whether the tax shall be general or limited to a particular locality, and in the latter case, the fixing of a district of assessment; the method of collection, and whether a tax shall be a charge upon both person and property, or only on the land, are matters within the discretion of the Legislature and in respect to which its determination is final.’ ” (People ex rel. Hatch v. Reardon, 184 N. Y. 431, 443.)
The Legislature has the power to classify and define what property is taxable as real property, and for some time prior to the enactment of the statute in question the Tax Law has provided that certain property, which under the common law is personal property, is subject to tax as real property.
“ Ordinarily, we might consider the system involved to be personal property or fixtures. It is not for the courts, however, to apply their conception or understanding to the nature of the property. The Legislature has established its own standard by the enactment of subdivision 6 of section 2 of the Tax Law and has defined what constitutes real estate for taxation purposes.” (People ex rel. Holmes Elec. Protective Co. v. Chambers, 1 Misc 2d 990, 997.)
“ ‘ [T]he Tax Law has set up a standard of its own which must govern the case.’ ” (Matter of New York Tel. Co. v. Ferris, 257 App. Div. 415, 417.)
The section in question is apparently phrased so as to avoid a conflict with section 3 of the Tax Law. The section in question, being the subsequent act of the Legislature, would control in any event. The Legislature had the power to provide as it did, that the trailers should be taxed as a part of the real property and assessed to the owner of the land. (Interstate Lien Corp. v. Schmidt, 180 Misc. 910.)
We, therefore, hold that subdivision 6-a of section 2 of the Tax Law is valid, and that the assessment in question is legal and must be sustained.