New York State Trailer Coach Association, Inc., et al., Suing on Behalf of Themselves and All Other Persons, Firms or Corporations Similarly Situated, Plaintiffs, *v.* Thomas B. Steckel, as Supervisor of the Town of Chili, Monroe County, et al., Defendants.

Supreme Court, Equity Term, Monroe County, September 2, 1955.

*William L. Clay* for plaintiffs.

*Ralph Wickins* for defendants.

*Jacob K. Javits, Attorney-General (Henry S. Manley, Ruth Kessler Toch* and *Joseph H. Murphy* of counsel), in his statutory capacity under section 71 of the Executive Law.

SARACHAN, J. The plaintiffs ask this court by its judgment to declare unconstitutional chapter 726 of the Laws of 1954, being subdivision 6-a of section 2 of the Tax Law, which reads as follows: " 6-a. a. In addition to their meaning as provided in subdivision six, the terms ' land,' 'real estate,' and 'real property,' as used in this chapter, include all the forms of housing which are adaptable to motivation by a power connected thereto or which may be propelled by a power within themselves and which are or can be used as a house or living abode or habitation of one or more persons, or for business, commercial or office purposes, either temporarily or permanently, and commonly called and hereafter referred to as ' trailers '; except (1) transient trailers which have been located within the boundaries of a tax district for less than sixty days and (2) trailers which are for sale and which are not occupied."

In brief, this law declares occupied trailers to be real estate for tax purposes if they have been located within the boundaries of a tax district sixty days or more.

The plaintiffs claim the law should be declared invalid (1) in violation of section 6 of article I of the State Constitution, (2) in violation of the Fourteenth Amendment of the United States Constitution, (3) as being indefinite and ambiguous, (4) as being incapable of fair administration.

Under our system of the division of governmental powers, legislation is for the legislative branch of our government — not the judiciary. Too often, perhaps, in the past, desirable and even necessary legislation has been nullified by " backward-looking " courts. As our Court of Appeals said in *People* v. *Beakes Dairy Co.* (222 N. Y. 416, 426): " To hold a statute unconstitutional is a grave thing to do. To refuse, by so doing, to recognize a demonstrated evil * * * is unwise. Constitutional law is ' to a certain extent, a progressive science '."

On the other hand, our governments — Federal and State — do operate under written constitutions and by long established decisions of the United States Supreme Court, " [w]here the validity of a legislative act is challenged it is the duty of the courts to determine its constitutionality " (*Defiance Milk Products Co.* v. *Du Mond,* 205 Misc. 813, 815).

Also there can be no question now but that a constitutional question may be determined in an action for a declaratory judgment (*Wingate* v. *Flynn,* 139 Misc. 779, affd. 233 App. Div. 785, affd. 256 N. Y. 690).

This court readily recognizes that " [e]xcept in rare and special instances " the due process clause of the Fourteenth

Amendment is not a limitation upon the taxing power conferred upon the State (*Magnano Co.* v. *Hamilton,* 292 U. S. 40, 44).

Also, " [t]he power of taxation necessarily involves the right of selection, which is without limitation, provided all persons in the same situation are treated alike and the tax imposed equally upon all property of the class to which it belongs." (*People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431, 445; *Weiskopf* v. *City of Saratoga Springs,* 244 App. Div. 417, 422.)

The Attorney-General who appeared in the case pursuant to section 71 of the Executive Law takes the position that these well-established principles of law with regard to the State's taxing powers offer a simple answer to the question here involved. The Legislature for tax purposes, he says, has selected trailers to be taxed as real property and no one can constitutionally question this selection.

Unfortunately, the problem is not as simple as that. It is not a question of whether the State may tax trailers. They are obviously, like automobiles or any other property, subject to taxation by the State.

The question is can the Legislature, by calling trailers something *which they are not,* impose taxes upon people who don't own them and in a manner which raises serious questions of due process and a denial of the equal protection of the laws — both guaranteed in our Federal and State Constitutions.

Attempts to tax trailers as real property prior to the adoption of the statute here in question were declared illegal in *Matter of Stewart* v. *Carrington* (203 Misc. 543) and very recently by the Appellate Division, Fourth Department, in *Erwin* v. *Farrington* (285 App. Div. 1212).

In *Matter of Stewart* v. *Carrington* (*supra*) the court states (p. 545): " ' House coaches ' and ' trailers ' are primarily designed, manufactured, bought and sold as *mobile units.* Trailer parks or areas have sprung up all over the country to provide accommodation to this form of transportation. *No one can seriously contend* that as soon as these vehicles are halted for a given period of time *they change character and become real property.*" (Italics supplied.)

In *Erwin* v. *Farrington* (*supra*) the court states: " It appears that the trailers upon which the taxes in dispute were levied were for the most part on wheels, movable, and without any permanent foundation. Trailer tenants moved such **trailers in and out** of the trailer camp at frequent intervals **and the number of such trailers** parked in the trailer camp varied from time to time. * * * Prior to the enactment of section 2

(subd. 6-a, par. a) of the Tax Law, such trailers were not real property subject to taxation, and the assessments are illegal and void.''

Now that the Legislature *has* enacted the amendment here in question, is it in a form that does not violate constitutional limitations?

The Attorney-General argues that wharves, piers, bridges, telegraph lines, wires, poles, railroads, pipe lines, oil lines, etc., have all been legislatively declared to be real property for tax purposes and none has been struck down as unconstitutional.

Every one of these, however, has a characteristic which a trailer included in the amendment lacks — that is, the characteristic of permanency which is inherent in real property.

Section 9 of the Tax Law provides that '' Real property shall be assessed according to its condition and ownership as of June first in the tax district in which it is situated.''

This statutory provision, as stated by the court in *Matter of Stewart* v. *Carrington* (203 Misc. 543, 546, *supra*), '' connotes a certain degree of permanency of the property subject to taxation.''

To bring within the definition of '' real property '' sixty-day trailers which have no such '' certain degree of permanency '' raises many grave questions.

The court readily recognizes the many problems raised by our constantly increasing '' trailer population '' and the growing number of trailer parks. People who use trailers for more or less permanent dwellings require the same police and fire protection, school facilities, sanitation and health services and many other public benefits as those who live in houses. Where a trailer is mounted on a foundation and its mobile power removed, it, of course, becomes a house and its taxation as real property, even without the amendment here involved, cannot be questioned.

The motive of the Legislature in adopting the amendment is likewise understandable. The Legislature could, of course, impose a tax upon the owner of a trailer as a tax on personal property and such a tax could not be constitutionally attacked. This has been done in some States. It must be recognized, however, that there are difficulties inherent in administering such a tax and it is certainly not incumbent on the courts to tell the Legislature what kind of tax to impose.

What are the difficulties with these '' 60-day trailers' '' being defined as real property? They are the difficulties, as stated

above, that arise out of calling something real property which it inherently is not.

A trailer moves into a park on April 1st. It moves out on June 2d. On June 1st the tax assessor assesses against *the owner of the land* the value of an expensive trailer owned by another. It is to be taxed for an entire year when that trailer is no longer even on the land two days after the assessment.

In spite of the lengths to which Federal and State legislative bodies may go in taxation, the line has to be drawn somewhere. Certainly no court would sustain a tax on citizens with blue eyes or red hair. Likewise, a tax measured on the income or property of another has been held invalid.

In *Hoeper* v. *Tax Commission* (284 U. S. 206, 215) the court states: "We have no doubt that, because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment. That which is not in fact the taxpayer's income cannot be made such by calling it income."

So here the fundamental difficulty would appear to be that calling a "60-day trailer" real property does not make it real property.

Let us take this situation. A trailer is parked in Trailer Park "A" within the tax district for fifty-eight days ending May 30th. On that day the owner of the trailer moves the trailer into Trailer Park "B" within the same tax district. On June 1st the tax assessor comes in and assesses the owner of Trailer Park "B" for the full value of the trailer. Can such a tax be considered as falling within our conception of due process and equal protection of the laws? Owner "A" on whose land the trailer was parked for the bulk of sixty days pays nothing. Owner "B" is penalized the full tax.

Of course, owner "B," knowing he will be assessed on June 1st may refuse to accept trailers for thirty days before June 1st. However, to deny him the right to make use of his land for a period because of this law would certainly appear to be depriving him of his property without due process of law.

Many additional situations may be mentioned which raise serious constitutional objections. For example, section 9 of the Tax Law further provides: "In all cases the assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it."

In the event of a default in the payment of the tax, how would the tax collector levy upon the trailer which by this time may be in California? On the other hand, the lot on which the trailer may have been temporarily placed may be of comparatively slight value in comparison with the value placed upon the trailer by the tax assessor. Therefore, to levy upon the land itself rather than upon the trailer would once more raise the question of denying to the owner of the land due process of law.

Whichever way one turns one discovers that calling real estate such mobile property as a sixty-day trailer compels action on the part of the taxing district which in one way or another is a denial of due process and the equal protection of the laws. If the Legislature can go this far, what is to prevent another Legislature from defining as real estate any automobile parked on anyone's land for two or more days and subjecting the owner to an assessment of several thousand dollars for the automobile parked in his yard by a guest?

This court is not concluding that the Legislature lacks the power to declare a trailer to be real estate even if its wheels are not removed and it is not placed on a solid foundation.

What this court *is* deciding is that our tax laws on real property are designed to apply to property which has some measure of permanent location in the tax district. To try to bring within the definition of real property a sixty-day trailer, as provided in the Tax Law amendment here under attack, is to lead inevitably to situations denying to citizens due process of law and equal protection of the laws as guaranteed in both Federal and State Constitutions.

Chapter 726 of the Laws of 1954 codified as subdivision 6-a of section 2 of the Tax Law is, therefore, declared to be invalid as in violation of section 6 of article I of the Constitution of the State of New York and the Fourteenth Amendment of the Constitution of the United States.

Submit judgment in accordance with this decision.