Christopher J. Heffernan, Off. Ref.
Plaintiff has instituted this action against defendant and two of its officers to enjoin the manufacture and sale of one of its products known as Instantwhip topping on the theory that it is a violation of section 68-a of the Agriculture and Markets Law, more particularly the second paragraph of that section, because vegetable fat or oil “ has been added to or mixed or blended with a dairy product in such a manner that the resultant product is an imitation of or resembles instant whipped cream ’
The pertinent provisions of the statute are: “ No person, firm, partnership, or corporation shall manufacture, deal in, offer or expose for sale or exchange any article or substance in the semblance of or in imitation of instant whipped cream manufactured by any process by which fat or oil other than that of milk has been added to or mixed or blended with a dairy product in such a manner that the resultant product is an imitation of or resembles instant whipped cream.” At the time section 68-a was added, the Legislature, by chapter 794 of the Laws of 1956, added to the definitions contained in section 46 of the Agriculture and Markets Law the following: “ The term ‘ whipped cream ’ means cream, as herein defined, which has been aerated by whipping. There may be added thereto only sugar or flavoring, or both.”
Plaintiff’s action against defendants is based on the fact that in the manufacture of such topping they use dry buttermilk powder which is a dairy product. It is thus apparent that plaintiff is seeking to restrain the manufacture, not because the topping is in “ semblance of or in imitation of instant whipped cream ” but because a certain percentage of its total ingredients is a dairy product. In other words, if some other ingredient were substituted in place of the buttermilk powder, there would be no violation of the statute.
It is incumbent on plaintiff to establish by a fair preponderance of the evidence that defendants are guilty of a violation of the statute in question. Thus, the burden in this ease is upon plaintiff to prove that defendants in manufacturing and selling Instantwhip topping, were guilty of a designed and intentional imitation or resemblance of instant whipped cream, which did not result from the inherent characteristics of the ingredients' used. Mere imitation or resemblance is not sufficient. There is a violation only if it is done with intent to imitate. Such is the rule laid down by the courts in the cases cited by Mr. Justice Deckelmah in dismissing the original complaint for insufficiency.
*115 Defendant Jones testified that he did not select any of the ingredients for the topping in order to give it the characteristics of whipped cream; that the formula was produced by trial and error in order to obtain a product with a vegetable oil base which was marketable in competition with other toppings containing vegetable oils with which it competes; and that the final product was due to the inherent characteristics of the ingredients.
Plaintiff’s counsel asserts that the buttermilk powder was added to the topping formula with intent to imitate and resemble whipped cream. The reasons for using buttermilk powder were described in detail by the witness Jones who developed the formula. He said the basic ingredient of the topping manufactured is vegetable fat. The basic characteristic of such vegetable fats, which are solid in form and white in color, is that they can be whipped into a white whipped substance which is fluffy and soft in texture resembling whipped cream. Nothing is added to the formula to make it resemble whipped cream. Such resemblance is due to the inherent characteristics of the ingredients. The witness described other substances which can be whipped, producing a product which resembles whipped cream other than vegetable oils, due to the inherent characteristics of the materials.
It follows, therefore, that if the imitation results from qualities inherent in the articles used, it does not constitute a designed and intentional imitation (People v. Arensberg, 105 N. Y. 123). Thus the issue raised by the pleadings is confined to the question whether plaintiff has proved a designed and intentional imitation of instant whipped cream; without such design or intent, there is no violation of the statute.
The defendant corporation, under a license granted by a company located in Columbus, Ohio, known as Aeration Processes, Inc., and under formulas developed by the latter manufactures two separate and distinct products, one of which is “ Instantwhip ” manufactured principally from cream and “ Instantwhip Topping ” manufactured principally from vegetable oil. The topping product is put out in two separate forms, one under gas pressure which, when dispensed from the pressurized container, as is “ Instantwhip ”, resembles whipped cream; and another form not under gas pressure, sold to bakers and confectioners in bulk form, having no resemblance to whipped cream, and which is whipped or gassed by the baker or confectioner.
*116 In Aerated Prods. Co. v. Godfrey (290 N. Y. 92) the Court of Appeals had under consideration the former product (manufactured from cream) and held that such product was not a milk or dairy product but rather a frozen dessert, subject to regulation under article 4-A of the Agriculture and Markets Law, for the manufacture of which the plaintiff in that case, similarly situated as is the defendant corporation here, held a license issued under article 4-A (§ 71-d). That decision conclusively establishes that Instantwhip, which like the topping resembles whipped cream, is a frozen dessert under article 4-A and not a dairy product under article 4 which contains section '68-a.
Thus, by statutory definition whipped cream can contain nothing but cream, sugar and flavoring and must be aerated by whipping. Defendants’ product Instantwhip, manufactured with cream as its principal ingredient, contains not only cream, sugar and flavoring but also skimmed milk, whole milk and a stabilizer. Thus the ingredients of Instantwhip and whipped cream are different, and Instantwhip by the decision of the Court of Appeals is a frozen dessert and not a milk or dairy product.
The Legislature has not said in section 68-a that imitation instant whipped cream cannot be made. In fact it allows it in the third paragraph of the section because substitutes for instant whipped cream are recognized as legal. What the Legislature has attempted to do by the second paragraph of section 68-a is to prohibit a particular substitute, if it contains any dairy product. It permits substitutes in paragraph 3 and also in paragraph 4 but it attempts to say in paragraph 2 that such a substitute cannot contain a dairy product.
On the proof in this record I am convinced that plaintiff has failed to show a designed or intentional imitation of instant whipped cream.
Defendants urge that if the portion of the statute in question is applicable to them, then it is unconstitutional. If by any logical reasoning it can be said that this law applied to defendants’ product then it violates the constitutional provisions of section 11 of article I of the Constitution of the State of New York and the Fourteenth Amendment to the Constitution of the United States, because it does not tend to promote the public health, morals, safety or ..welfare and is not justified as an exercise of police power, interferes with and deprives defendants of personal rights and liberty and of their business and property, and is unreasonable, arbitrary capricious and dis *117 criminatory. The Legislature has no power under the guise of police regulations arbitrarily to invade the personal rights and liberty of the individual citizen, to interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations or to invade property rights (Defiance Milk Prods. Co. v. Du Mond, 205 Misc. 813, affd. 285 App. Div. 337, affd. 309 N. Y. 537; People ex rel. Moskowitz v. Jenkins, 202 N. Y. 53; People v. Gillson, 109 N. Y. 389; People v. Havnor, 149 N. Y. 195; Colon v. Lisk, 153 N. Y. 188).
From what has been said it follows that the complaint should be dismissed with costs.