ARROW LAKES DAIRY, INC. *v.* JOSEPH N. GILL ET AL.

SUPERIOR COURT      TOLLAND COUNTY      FILE NO. 8751

Memorandum filed July 31, 1962

*Richard F. Corkey,* of New London, for the plaintiff.

*Albert L. Coles,* attorney general, and *Michael J. Scanlon,* assistant attorney general, for the defendants.

FITZGERALD, J. This is an action for a declaratory judgment. The plaintiff, a Rhode Island corporation with its office and place of business in the town of Cranston in that state, where it maintains and operates a milk receiving station and plant for the processing and pasteurization of milk and cream, is seeking a declaration as to whether § 22-196 of the General Statutes of Connecticut, as ap-

plied to it, is violative of the commerce clause of the constitution of the United States (art. I, § 8, cl. 3) and the due process clause of an amendment to that constitution (amend. XIV § 1), on the sole ground that its milk receiving station and plant is not located within the state of Connecticut or in a town, city or borough adjoining the state boundary of Connecticut. The first named defendant, Joseph N. Gill, is the commissioner of agriculture, conservation and natural resources of Connecticut, and the remaining six defendants, along with Gill, are all members of, and constitute, the milk regulation board of Connecticut.

The defendants have interposed a demurrer on various grounds to the subject of the plaintiff's complaint and to the prayers for relief. In Connecticut practice, a demurrer admits facts well pleaded. *Joseph Rugo, Inc.* v. *Henson,* 148 Conn. 430, 432; *McNish* v. *American Brass Co.,* 139 Conn. 44, 48; *Hardy* v. *Scott,* 127 Conn. 722, 723. Hence the subject of paragraph 2 of the complaint stands admitted for present purposes (plaintiff's plant "located within thirteen miles of the boundary between the State of Connecticut and the State of Rhode Island") as well as the other paragraphs of the complaint alleging factual matters, with particular reference to the latter portion of paragraph 7 thereof, which recites that "the sole [ground of refusal to issue the permit to the plaintiff was because its plant] is not located in a town, city or borough adjoining the State boundary of Connecticut as required by § 22-196 of the 1958 Revision of the General Statutes of the State of Connecticut."

The last portion of the cited statute (§ 22-196) reads: "Such approval [by the milk regulation board] shall not be issued unless the dairy plant indicated in the application in which the imported

pasteurized milk and pasteurized cream are pasteurized is located in a town, city or borough adjoining the state boundary and unless the person, firm or corporation applying for such permit complies with all the Connecticut laws, orders and regulations governing similar dairy plants, milk and cream dealers or milk and cream pasteurizing plants located in this state."

Among other things, the defendants take the position that the plaintiff's complaint is lacking in essential allegations. Since the complaint purports to allege specifically the sole ground of refusing the plaintiff a permit, and this stands admitted by the demurrer, other allied allegations would appear to be surplusage. As viewed by the court, all grounds of the interposed demurrer are designed to circumvent the real issues sought to be raised by the complaint from extraneous standpoints. For the most part its subject matter partakes of the attributes of a "speaking demurrer," not sanctioned by Connecticut practice.

In paragraph 5 of its complaint, the plaintiff alleges that it "desires and proposes to sell such products (milk products processed and pasteurized at its Cranston plant) to persons, firms and corporations who would purvey the same at retail in the State of Connecticut." In *Hoxie* v. *New York, N.H. & H.R. Co.*, 82 Conn. 352, 364, the Connecticut Supreme Court said: "The right to engage in commerce between the States is not a right created by or under the Constitution of the United States. It existed long before that Constitution was adopted. It was expressly guaranteed to the free inhabitants of each State by the Articles of Confederation (Art. IV) and impliedly guaranteed by Art. IV, § 2, of the Constitution of the United States as a privilege inherent in American citizenship."

The case of *Defiance Milk Products Co.* v. *Du-Mond,* opinion of the trial court reported in 205 Misc. 813 (N.Y.), aff'd, 285 App. Div. 337, 309 N.Y. 537, is worth noting. In that case the plaintiff, an Ohio corporation, sought a declaratory judgment that so much of § 64 (2) of the Agriculture and Markets Law of the state of New York as prohibited the sale of evaporated skim milk in less than ten-pound containers be declared unconstitutional, invalid and void on the grounds that it was arbitrary, capricious and unreasonable, and in violation of the federal and state constitutions. The plaintiff's position was upheld. Said the trial court in part (205 Misc. 815, 816) : "The statute under attack was promulgated under the police power of the State. By its terms plaintiff is prevented from selling its product in this State. The business of plaintiff is a property right and consequently is entitled to protection against State legislation in contravention of the State and Federal Constitutions . . . . Unless the statute in question can be justified as a valid exercise of the police power, it must be declared unconstitutional . . . because its enforcement will deprive plaintiff of its property without due process of law. [Citing *Louis K. Liggett Co.* v. *Baldridge,* 278 U.S. 105.] . . . A law which limits constitutionally guaranteed rights must not be arbitrary, discriminatory, capricious or unreasonable and must have a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals or general welfare of the public." In affirming, the reviewing tribunal called attention to the proposition that "[s]tatutes enacted under the police power . . . are presumed to be constitutional, but the presumption is one of fact and rebuttable." 285 App. Div. 337, 339. What was said by the Supreme Court of Nebraska as recently as 1960 along these general lines is equally worth noting. See *Lincoln Dairy Co.* v. *Finigan,* 170 Neb. 777, 785.

The conclusion reached is that the plaintiff's complaint is sufficient in law to withstand the thrust of the interposed demurrer. The situation is not analogous to that existing in *Benson* v. *Housing Authority,* 145 Conn. 196, in which the sustaining of a demurrer addressed to a complaint in an action for a declaratory judgment was upheld on appeal. Whether that part of the statute in question (§ 22-196) quoted supra is violative of any constitutional rights which the plaintiff may have, and upon which it seeks a declaratory judgment in respect thereto, cannot be determined on demurrer. The basic constitutional factors to be considered upon the joining of issue will most certainly require the presentation of evidence and factual findings. See *Dean Milk Co.* v. *Madison,* 340 U.S. 349, 355. It appears that the *Defiance Milk Products Co.* case, supra, was required to be tried to a referee.

The scholarly decision of Judge Blumenfeld in the United States District Court for the district of Connecticut in dismissing an action for a declaratory judgment brought by the same plaintiff against the same defendants and concerning a consideration, on constitutional grounds, of the same statute has of course been studied with care by this court. See *Arrow Lakes Dairy, Inc.* v. *Gill,* 200 F. Sup. 729 (D. Conn. 1961). The result reached by the learned judge in that proceeding is not deemed decisive of the questions raised by the interposed demurrer in the case at bar. In the last analysis, it would appear that the actual basis of the ruling by Judge Blumenfeld in granting the motion of the defendants to dismiss that action was because he felt "that where a judicial declaration is sought that a state statute is unconstitutional such relief is beyond the permissible limits of the judicial discretion which a district court is required to heed in actions brought under the federal Declaratory Judgment

Act." He concluded that "there is not only the power but the duty to decline jurisdiction which is given." Id., 737.

The state rule is well stated by Justice King of the Connecticut Supreme Court in the recent case of *Redmond* v. *Matthies,* 149 Conn. 423, 426: "As in the case of complaints in general, a complaint in a declaratory judgment action must contain allegations sufficient to show that the plaintiff is entitled to the declaratory judgment sought, under § 52-29 of the General Statutes as implemented by Practice Book §§ 276 and 277 [cases cited]."

In view of all of the foregoing, the demurrer is required to be, and is, overruled in toto. The allegations of the complaint and the prayers for declaratory judgment are deemed sufficient in law to withstand the thrust of the interposed demurrer.