THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAULINE S. HERZOG and ANGELA S. MORGAN, Relators, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 23, 1939.

*Harrison, Elliott & Byrd* [*William Byrd* of counsel], for the relators.

*William C. Chanler, Corporation Counsel* [*William E. Skillman* of counsel], for the respondents.

McLAUGHLIN, J. This is a certiorari proceeding involving the property known as 33 Leonard street, borough of Manhattan, for the 1938 taxes. It is a triangular plot with a frontage of twenty-eight feet five and one-quarter inches on Leonard street. The frontage on West Broadway is seventy-two feet ten inches. The rear line measures sixty-seven feet one inch. The area is 950 square feet.

The property was assessed as being improved by two buildings. One was a shack or cement cubicle which even the expert for the defendants considered insignificant. The other building was a lunch wagon originally brought there intact and placed upon a brick foundation built into the ground. Brick steps were then built to connect the entrance of the wagon with the ground and sewer, water, gas and electric connections were made.

The first question presented is whether the lunch wagon may be assessed. It is the claim of the relators that the lunch wagon is personal property and may not be assessed. They assert that, under the doctrine of *Ombony* v. *Jones* (19 N. Y. 234) and kindred decisions, the lunch wagon is personal property and may be removed after the expiration of the term of the lease. There is no doubt that such is the law as between the landlord and the tenant. However, when an improvement such as this is made it is taxable as real property as long as it remains on the land. Every requisite of a permanent structure is incident to and connected with this building. It has a foundation imbedded and built in the soil. It has all the connections necessary by way of being supplied with power, gas and sewage facilities in the same manner that any permanent structure would have. The sole difference is that it may be removed intact from its foundation. In addition there are two extensions built upon the same kind of foundation and connected with and used as part of this lunch wagon. It would appear that this structure is taxable. It is a structure " erected upon or affixed " to the land. (Tax Law, § 2, subd. 6.) It would be manifestly unfair to other taxpayers to permit a structure like this, which is often a source of considerable revenue, to be tax exempt when there is no such exemption in the Tax Law.

The next question presented is whether the structure was erected on the premises on October 1, 1937, which was the taxable date for the year 1938. The record is not entirely clear on this question.

However, there is sufficient to show that the rent ran from October 1, 1937. It also appears that the relators' application, though sworn to on October 27, 1937, carries the inference that this structure was erected and in place on October 1, 1937. The assessment by the city assessor also carries that necessary inference, for the building is assessed at $1,000, and both sides on this trial concede that the only structure of value on the premises is this lunch wagon. The burden of showing anything different as to the time the structure was erected is on the relators, and they have failed to sustain the burden even if we accepted as a fact the statement of the learned counsel for the relators that business commenced on October 14, 1937.

What is the value of the land and this structure as of October 1, 1937? As to the land, both sides have submitted experts who have testified to values and produced different sales. It is sufficient to state that both should have used all the sales and not limited the area of comparable sales, as was done. The lot on the taxable date is valued at $14,000. As to the structure, while as an article of trade and business it may be worth more than $1,000, the amount the assessor fixed, the court concludes that as a structure upon this plot that is the amount at which it should be valued. Costs are allowed to relator. Settle findings of fact and conclusions of law.