Town of Southport, Chemung County, Plaintiff, *v.* Charles E. Ross, Defendant.

Supreme Court, Trial Term, Chemung County, December 10, 1951.

*James E. Personius* for plaintiff.

*Bertram A. Ziff* for defendant.

Zeller, J. An ordinance adopted by a municipal corporation pursuant to authority expressly delegated by the Legislature has the same force as a statute enacted by the Legislature. However, where the authority to legislate is general and the manner of exercising it is not specified, there must be a reasonable use of such authority or the ordinance may be declared invalid by the courts. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459.)

" Before legislative authority to enact an ordinance can be said to be specific the grant must define ' its details and mode of enforcement '. (*People ex rel. Knoblauch* v. *Warden, etc.,* 216 N. Y. 154, 162.) The power is general when ' the manner of exercising it is not specified.' (*Village of Carthage* v. *Fred-*

*erick,* 122 N. Y. 268.) Or when the ordinance has not been expressly ratified by the Legislature.'' (*Safee* v. *City of Buffalo,* 204 App. Div. 561, 563–564.)

The authority for the enactment by town boards of ordinances regulating the parking and occupancy of house trailers stems from subdivision 21 of section 130 of the Town Law and it is a general rather than a specific grant. (*Cowan* v. *City of Buffalo,* 247 App. Div. 591.) Therefore the reasonableness of ordinances enacted pursuant to such grant may be inquired into by the courts.

In 1950 the plaintiff enacted a comprehensive ordinance regulating occupied house trailers and trailer camps. The ordinance provides for the licensing and supervision of trailer camps and prescribes various rules therefor. It contains the following provisions applicable to occupied house trailers not located within the confines of a camp:

'' Section 13. (Location) No house trailer shall be located upon any land or premises within the town other than camps, unless such land or premises, has erected thereon conveniently accessible to such house trailers, adequate sanitary facilities, and an approved water supply system.

'' Section 14. (Restriction on Number of Trailers). Not more than one (1) such house trailer shall be permitted to park or otherwise locate on such separate lot or parcel of land other than a camp.

'' Section 15. (Duration of Stay) No such house trailer shall be permitted to remain upon any premises other than in a camp for a longer period than four (4) weeks in every twelve (12) months except the time may be extended by action of the Town Board.

'' Section 16. (Location of House Trailer on Lot). Each House Trailer shall not be parked or otherwise located nearer than five (5) feet to the side line of any lot or parcel of land, nor within thirty (30) feet of the street line of such premises.''

The defendant has permitted an occupied house trailer to remain upon private premises owned by him for a period in excess of four weeks. The defendant's premises consist of a house, barn and several acres of farm land located in an area designated as a manufacturing district by the plaintiff's zoning ordinance. Adequate sanitary facilities and an approved water supply system are accessible to the trailer which is the only one located upon the premises of the defendant. The trailer is not located nearer than five feet to the side line of the premises nor within thirty feet of the street line. Application was made by

the defendant to the town board for extension of the four weeks' time limitation. No action was ever taken on that application but this suit was instituted to recover from the defendant the sum fixed by the ordinance as a penalty to be exacted from those who violate its provisions. No violation is assigned except the failure to limit the duration of the trailer's stay to four weeks. The defendant asserts that such a limitation is an encroachment upon his constitutional and legal rights and therefore unenforcible.

The right to use and enjoy one's own property is guaranteed by our fundamental law. An individual's rights, however, must be sacrificed to such regulations — so-called police powers — as are necessary for the common good. (*Matter of Jacobs*, 98 N. Y. 98.) Reasonableness of such regulations is one of the inherent limitations to the exercise of police powers.

It cannot be held that a regulation prohibiting the location for more than four weeks of one house trailer on private premises has any reasonable relation to the common good of the community when such house trailer has facilities equal or superior to those required of the hundreds of house trailers located in trailer camps in the same community. It cannot be held that such regulation has any reasonable relation to the health, safety, or welfare of the community. Nor can it be held that such regulation, applicable to the entire town, has any reasonable relation to aesthetic considerations. The fact that the four weeks' period may be extended by the town board does not change the conclusion reached. Such permission may be, as it was in this case, arbitrarily withheld.

Undoubtedly, it would be more convenient for the health officer or other authorized person to inspect house trailers if all were located in trailer camps. Undoubtedly, it would be more convenient for such persons to inspect house trailers if all were located in one camp rather than several camps. However, under our theory of government, municipalities and other governmental units exist to serve the citizens; citizens do not exist primarily to serve the government. The mere convenience of the representatives of governmental units is entitled to no consideration.

A house trailer equipped with sanitary appliances and whose occupants have access to water and toilet facilities is not considered by the plaintiff as a menace to the health, safety or welfare of the community when it with hundreds of others is located in a trailer camp. It is impossible to discern what causes it to become a menace when suitably located on a private lot with

similar facilities available. Such a trailer when suitably located on a private lot is not considered a menace for twenty-eight days. It is impossible to discern what causes it to become a menace on the twenty-ninth day.

Regulating the proximity of occupied house trailers to lot lines, street lines, and buildings, prescribing minimum sanitary, toilet, garbage disposal and water facilities, restricting the number of trailers permitted upon any separate lot or parcel of land, requiring the licensing of and causing the inspection of them and limiting the number of occupants thereof bear a reasonable relation to the common good. Limiting the duration of stay on private lands of a house trailer which has complied with all other requirements and regulations and which has offended no zoning restriction or building code bears no reasonable relation to the common good. It is unreasonable and cannot be upheld.

The motion made at the close of the evidence to strike out certain evidence is denied.

The complaint should be dismissed.