WILLIAM C. CORNING et al., Plaintiffs, *v.* TOWN OF ONTARIO, WAYNE COUNTY, et al., Defendants.

Supreme Court, Special Term, Wayne County, April 28, 1953.

*Snyder & Snyder* for plaintiffs.

*J. S. Albright* for defendants.

ROBERTS, J.   This is a motion by the plaintiffs for an injunction *pendente lite* to restrain the defendants from attempting to enforce the provisions of a town zoning ordinance as applied to a house trailer used for living quarters.

Plaintiffs in their complaint allege that prior to the use of such house trailer they were advised both orally and in writing by the town clerk and building inspector of the defendant town that they could place a trailer upon a lot located on Lake Road in said town and use it to live in if they made the necessary sanitary provisions and that there were no restrictions prohibiting plaintiffs from living in a trailer on said lot.  It is further alleged that the plaintiffs thereafter sold their home, purchased a lot in said town, purchased a trailer, installed sanitary facilities including a well and septic tank and installed electricity; that thereafter they were notified that they could not occupy said trailer to live in as it contained less than 900 square feet and that a criminal proceeding has been instituted against one of the plaintiffs, William C. Corning, in Justice's Court based upon a violation of the Town Zoning Ordinance. Plaintiffs further allege that they have no place other than the trailer in which to live, that the house trailer is a movable vehicle and not a building within the meaning of the zoning ordinance, and that said ordinance is invalid and that the enforcement of the same as against the plaintiffs will result in irreparable injury.

Even though the town clerk and building inspector made the representations set forth in the complaint and the plaintiffs relied thereon, such words or acts on the part of the administrative officials of the town do not operate as an estoppel against the town so as to prevent it from enforcing the provisions of its zoning ordinance or justify the granting of a temporary injunction restraining such attempted enforcement.  (*Premium Bond Corp.* v. *City of Long Beach,* 249 App. Div. 756; *Matter of S. B. Garage Corp.* v. *Murdock,* 185 Misc. 55, 60; *Matter of Longo* v. *Eilers,* 196 Misc. 909, 914.)

The right, if any, of the plaintiffs to injunctive relief must depend upon their establishing either that the zoning ordinance does not apply to the house trailer or that the ordinance is invalid.

The zoning ordinance provides in section 6 that " Every building used or designed to be used for residence purposes shall be built upon permanent foundation walls and shall occupy a minimum ground area size of 900 square feet for a structure of less than two stories in ' A ' Districts  *  *  *.' Plaintiffs concede that their trailer is located in an " A " District, that it is used for residential purposes, that it is less than two stories in height and that it contains less than 900 square feet. If this trailer is a building within the meaning of the ordinance, its use concededly constitutes a violation.

It is the contention of the plaintiffs that the trailer is not such a building. This presents the first question for determination.

The papers before the court do not indicate whether the trailer rests upon wheels, jacks, blocks, or some type of permanent foundation. The plaintiffs do however allege that sanitary facilities have been installed including a septic tank and well and that electricity has also been installed. It is apparent, therefore, that the trailer has been affixed to the land by such sanitary and electrical connections. The plaintiffs further say that they sold their house and bought the trailer and the lot upon which it stands for the purpose of their residence and that they now have no other place in which to live. It is therefore apparent that the plaintiffs intend to occupy this trailer and the lot on which it is located as a permanent residence.

Plaintiffs claim that the trailer is not a building because it is something mobile. Mobile it was when used upon the highway, but mobility ceased when it was removed from the highway, attached to the soil and occupied as living quarters. A metamorphosis has occurred; the mobile vehicle has become a fixed residence.

When traveling upon the highway it obviously was not subject to zoning regulations but that does not mean it may not become subject to such regulations when occupied as a residence at a fixed location. A hydro-aeroplane when flying through the air is not a vessel subject to admiralty jurisdiction but when floating upon navigable waters it becomes a vessel subject to such jurisdiction. (*Matter of Reinhardt* v. *Newport F. S. Corp.*, 232 N. Y. 115.) Under our Tax Law a building or structure affixed to the land is taxable as real property.  (Tax Law,

§ 2, subd. 6.) It has been held that a lunch wagon which had been moved intact upon a vacant lot and there placed upon a foundation and connected with power, gas and sewage facilities, was taxable as part of the real estate. (*People ex rel. Herzog* v. *Miller,* 170 Misc. 1063, affd. 258 App. Div. 724.) House trailers located in a camp, still resting on their wheels, with only temporary utility connections and owned by others than the owners of the land have been held not taxable as part of the real property. (*Stewart* v. *Carrington,* 119 N. Y. S. 2d 778.) But where they are affixed to the land by means of electric wires, water pipes or wooden supports and there is evidence that they are to be left permanently at the location they may be assessed and taxed as part of the real property (5 Opinion State Comptroller, File No. 3752, 1949, p. 158).

A house trailer occupied as living quarters and resting upon jacks has been held to be a building within the provisions of an accident insurance policy providing for double indemnity to one injured by the collapse of the walls or burning of a building. (*Ætna Life Ins. Co.* v. *Aird,* 108 F. 2d, 136, affg. 27 F. Supp. 141.) In this case the court said: " Streamlined, mounted on two wheels, and capable when connected with beast or vehicle having motive and tractor power, of swift and easy motion, though it was, it was not automotive, and it was not bought to be, nor was it, used, except incidentally, for locomotion. The only use made of its movability was to get it to the place where it was to be used, just as ready cut houses, if small enough, may be and sometimes are moved, and set up complete. * * * Thus, what had been built for a dwelling or place to live, movable from place to place, was at rest, and was being occupied as a dwelling, as completely as if, instead of a trailer, it were a ready cut or knocked-down house, transported to the field, either set up, or in units for setting up. As such, it was certainly a building, in the sense of a dwelling * * *. It was too, a building, in the generic sense of something built or constructed for use as a shelter or habitation for man or beast." In other cases construing the meaning of the word " building " it has been held that a movable sheep wagon was a building within the meaning of a statute defining burglary (*State* v. *Ebel,* 92 Mont. 413) a popcorn stand on wheels was a building under a similar statute (*People* v. *Burley,* 26 Cal. App. 2d 213) and a tent used for living quarters was a building within the meaning of that word as used in a restrictive covenant (*Blakemore* v. *Stanley,* 159 Mass. 6).

An ordinance may by its terms fix a date at which a house trailer shall be considered to have lost its mobility and become a single-family dwelling. Thus, under building codes providing that a house trailer used for living purposes for more than thirty days shall be considered a single-family dwelling, it has been held that the provisions of the ordinance prescribing a certain square foot area for single-family dwellings apply to house trailers after such thirty-day period. (*Lower Merion Township* v. *Gallup,* 158 Pa. Superior Ct. 572, certiorari denied 329 U. S. 669; *Commonwealth* v. *McLaughlin,* 168 Pa. Superior Ct. 442.) It is true that the zoning ordinance here before the court contains no such thirty-day clause; however, the conduct of the plaintiffs has been just as effective as the words of any ordinance might be in converting their trailer from something mobile into a stationary dwelling at a permanent location.

The meaning of the word " building " as used in the zoning ordinance must also be considered in the light of the purpose for which such ordinance was enacted (*Caddy* v. *Interborough R. T. Co.,* 195 N. Y. 415, 420). The Town Law empowers a town board to enact zoning ordinances to regulate and restrict the height, number of stories and size of buildings and other structures for the purpose of promoting the health, safety, morals, or the general welfare of the community (Town Law, § 261). For such purposes the town may be divided into districts in which the ordinance may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures or land (Town Law, § 262). Pursuant to the power so granted, the zoning ordinance in question was adopted. The purpose of the statute and of the ordinance itself was not to aid the individual owner but to promote the development of property in the town for the general welfare of the entire community (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124).

In furtherance of such general purpose the ordinance provided that one-story residential buildings in " A " districts should contain at least 900 square feet. It is plaintiffs' position that such requirement applies to residences erected upon the premises but not to trailers because they are constructed elsewhere and then moved on their own wheels upon the premises. If this contention is to prevail, our finest residential districts could be interspersed with house trailers used as permanent residences without regard to height or size. The court is of the opinion that the word " building " as used in section 6 of the ordinance applies to the house trailer in question for to hold otherwise

would be to thwart the very purpose for which the ordinance was enacted.

Plaintiffs claim that the conclusion reached would prohibit the use of a trailer for living quarters anywhere in the town and hence that the ordinance is arbitrary and unreasonable. The zoning ordinance, however, permits such use of trailers when located in camps, which, subject to the approval of the Board of Appeals, are a permitted use in " C " and " D " Districts. It is true that the defendant town has adopted a trailer ordinance limiting the stay of trailers in such camps to thirty days. Where no zoning ordinance or building code has been violated such a limitation has been held unreasonable. (*Town of Southport* v. *Ross,* 202 Misc. 766.) In other States similar limitations have been held a reasonable exercise of the police power (*Spitler* v. *Town of Munster,* 214 Ind. 75; *Renker* v. *Village of Brooklyn,* 139 Ohio St. 484; *Cady* v. *City of Detroit,* 289 Mich. 499). We are not here concerned with a trailer located in a camp nor with the validity of the trailer ordinance, but solely with the provisions of the zoning ordinance limiting the size of residential buildings. Such a provision in a zoning ordinance is neither arbitrary nor unreasonable. A zoning ordinance which excludes apartment houses from a residential district has been held to be neither arbitrary nor unreasonable (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288). The amount of space occupied by a family for living quarters is closely associated with the health, safety, morals and general welfare of the community (Town Law, § 261). Certainly the exclusion of small dwellings of less than a 900 square foot area from a residential district is no more unreasonable or arbitrary than the exclusion of large apartment houses from such a district. Neither is the exclusion from such a district of a small house trailer used as a residence any more unreasonable than the exclusion of a small residence constructed on the premises.

The enforcement of the ordinance will cause the plaintiffs a hardship, but such hardship will result not from the ordinance itself but from the fact that plaintiffs, according to their claim, were misinformed as to the application or interpretation of the ordinance. The mere fact that they may have acted under the mistaken belief that the ordinance did not apply to house trailers when used for residence purposes does not make the ordinance itself either arbitrary or unreasonable. In any event, what is for the general good must prevail even though it may cause individual hardship. In *Shepard* v. *Village of Skaneateles* (300 N. Y. 115), the court in its opinion said at page 118:

" Zoning laws, enacted as they are to promote the health, safety and welfare of the community as a whole (see Village Law, § 175), necessarily entail hardships and difficulties for some individual owners. No zoning plan can possibly provide for the general good and at the same time so accommodate the private interest that everyone is satisfied. While precise delimitation is impossible, cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals. (Citing cases.) "

The burden is upon the plaintiffs when they attack the validity of this ordinance to show that it is not justified under the police power by any reasonable interpretation of the facts. If the validity of the ordinance is fairly debatable, the legislative judgment must control (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115, *supra*). The plaintiffs have failed to meet this burden.

Temporary restraining order is vacated and motion denied, without costs.