W. Vincent Grady, J.
Respondent’s motion to dismiss the petition in this proceeding under article 7 of the Real Property Tax Law involves an issue of first impression in this State as to the taxability of modular homes used for display purposes only. Section 102 (subd. 12, par. [b]) of the Real Property Tax Law defines ‘ ‘ real property ’ ’ to mean and include: 1 ‘ Buildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto ’ ’ (emphasis added).
The sole issue presented by this motion is whether modular homes can be classified as real property for tax purposes.
In People ex rel. Herzog v. Miller (170 Misc. 1063, affd. 258 App. Div. 724) a lunch wagon placed on a brick foundation which was built into the ground, connected with sewer, water, gas and electric facilities, was held to be taxable as real property. Summer cottages erected upon nonpermanent foundations were held to be “ erected upon the land ” and taxable as real estate in Haas v. Board of Assessors of Town of Clayton (109 N. Y. S. 2d 527, 528). ‘ ‘ Trailers ” or “ mobile homes ” which are or can be used for residential, business, commercial or office purposes may become taxable real estate (Real Property Tax *968 Law, § 102, subd. 12, par. [g]; New York State Trailer Coach Assn. v. Steckel, 208 Misc. 308, revd. on other grounds, 3 A D 2d 643).
Respondent also cites the case of United States v. Mays (264 F. 2d 317), where prefabricated metal buildings used for grain storage which were erected on and bolted down to concrete slabs were held to be real property for tax purposes.
All of the above cases are distinguishable from the case at bar. Here, as petitioner alleges, and which allegations must be deemed true for the purposes of the motion to dismiss, two model modular home units are situated on the property of petitioner for display and sale purposes only. These units are unoccupied and without connections to, or provisions for sewer or water, and the units are not affixed to the petitioner’s land. This is not a case where a structure is occupied or used for residential or commercial purposes as in People v. Miller (supra), where the lunch wagon was mounted on a permanent brick foundation and used as a dining facility, or in Haas v. Board of Assessors of Town of Clayton (supra), where summer cottages could be occupied as residences and connected with utilities, or in United States v. Mays (supra), where the prefabricated metal buildings were bolted to a poured concrete slab and permanently affixed to the land. Under section 102 (subd. 12, par. [g] of the Real Property Tax Law a trailer or mobile home which is unoccupied and for sale does not come within the definition of real property. It is only when it is used for residential, business, commercial or office purposes that a trailer or mobile home becomes subject to taxation.
The modular homes in question were placed on petitioner’s premises with the permission received from the Town of New-burgh Planning Board which precluded petitioner from any use of the modular homes except to display and sell them. Unlike model homes which are constructed on a permanent foundation usually with utilities and water and sewer connections, petitioner’s modular 'homes, it is alleged, are set upon foundations which can be easily removed and are in no way permanent and without sewer and water connections. The closest analogy to the display of modular homes is the display of trailers or mobile homes, and section 102 (subd. 12, par. [g]) of the Real Property Tax Law specifically excepts them from taxation provided that they are unoccupied and for sale. In the event that upon the hearing-petitioner establishes that the modular units were placed upon the land unoccupied and were for display and sale purposes only and were not affixed to the land, then such units are not taxable under the Real Property Tax Law.
*969 Under section 712 Beal Property Tax Law, if the respondent fails to serve an answer within the required time, all of the allegations of the petition shall be deemed denied. Bespondent moved to dismiss the petition, but did not serve an answer within the required time and the allegations of the petition are therefore deemed denied.
Accordingly, this proceeding shall be referred to a Beferee to hear and report on all of the issues and in particular whether the two model modular homes were affixed to petitioner’s land, were used for display and sale purposes and were unoccupied and without connections to, or provisions for sewer or water.