Thomas P. Farley, J.
Is a barge moored to a bulkhead and utilized as a restaurant assessable as real property? This novel question is presented by petitioner’s motion for partial summary judgment in proceedings to review assessment of its realty. Petitioner claims respondent has illegally classified the barge as real instead of personal property, while respondent, in cross-moving for summary judgment, asserts the assessment is proper.
Petitioner is the owner and operator of a marina and pool, known as "Club Capri” located on Manhasset Bay in Manorhaven, Port Washington. In 1964, a barge owned by petitioner that was originally moored to a float jutting out into Manhasset Bay, was repositioned alongside the bulkhead and pier of petitioner’s upland property.
The barge sits on water, the land under which is owned by the Town of North Hempstead. It is locked in place by steel *1098 bands or rings fastened to the hull of the barge, and wrapped around a series of pilings implanted in the bay floor that surround the barge. This type connection permits the barge to rise and fall with the tide. Three gangplanks, one of which is covered, permit ingress and egress to the barge and electrical, telephone, and water utilities are supplied through wires and hoses connected to the dock. Sewage from the sink and bathroom facilities on board the barge is disposed of through a pipeline running from the barge to a public sewage system on the upland property.
From the early part of 1964 to the present, the barge has been leased and continuously operated by the tenant as a restaurant under the name "The Barge at Capri.” The barge itself, however, was first assessed as real property in the 1969/ 1970 tax year. The restaurant is equipped with a bar, dining room, and other facilities usually found in this type establishment and possesses a food permit issued by the Department of Health, as well as a liquor license from the New York State Liquor Authority. Parking space on the upland property for the patrons, employees, and vendors of the restaurant is provided under the terms of a lease with the petitioner, and signs are conspicuously placed on the upland and in the general vicinity directing patrons to the location.
All real property within the State is taxable unless specifically exempt by law (Real Property Tax Law, § 300; Matter of Grumman Aircraft Eng. Corp. v Board of Assessors of Town of Riverhead, 2 NY2d 500), and for tax purposes real property is defined by statute to encompass: "(b) Buildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto” (Real Property Tax Law, § 102, subd 12, par [b]). Under this definition, the criterion for designating a structure as real property is the existence of conditions of affixation and permanency. This was held in People ex rel. Herzog v Miller (170 Misc 1063, affd 258 App Div 724). In that case, a movable lunch wagon was placed on a brick foundation and connections for sewers, gas, and electric were made. The court found that the wagon was taxable as a structure erected upon or affixed to the land, even though it "may be removed intact from its foundation.” It did so on the basis that "[e]very requisite of a permanent structure is incident to and connected with this building.” The circumstance that the barge, in the case at hand, floats on the water and rises and falls *1099 with the tide, does not put the structure outside the pale of the statute. The barge is secured to pilings by steel bands, rather than hawsers or ropes, which lock it in a fixed position or location; is connected to the upland municipal sewerage system; and is serviced by electric, telephone, and water lines on the adjacent dock. These factors provide irrefutable proof that the barge constitutes a structure "affixed” to land within the meaning of the statute, and possesses all the connections and accoutrements incident to a permanent building.
The barge has been moored in its present site for over 11 years, and the restaurant business conducted therefrom has been in operation for a similar period of time. The lease currently in effect between the tenant restaurant operator and petitioner is for a term of 10 years, and extends to the tenant the right to operate a snack and service bar on upland premises occupied by "Club Capri.” This right has been exercised. Considering the terms and duration of the lease; the length of time the barge has been operated as a restaurant; and the manner, mode, and period of time in which the barge has been moored; the paramount intention of the petitioner to adapt the barge so that it is permanently affixed is apparent. In Marine Midland Trust Co. of Binghamton v Ahern, 16 NYS2d 656, the court said (pp 559-560):
" 'The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it.’
"The intent which is regarded as controlling is not the initial intention at the time the chattel is acquired, nor the secret or subjective intention of the party making the attachment, but rather the intention which the law will deduce from all the circumstances.
"Varying weight may bé given to the nature of the article annexed; the mode of annexation; the relation to the property of the person making it; and the adaptability and application of the chattel to the use to which the property is being put.”
In cases involving tax assessments, it matters not that at common law, a building or structure may be classed as personal property (Interstate Lien Corp. v Schmidt, 180 Misc 910, 913). The same would be true of vessels, since the tax statute has set up a standard of its own which must govern each case (Matter of New York Tel. Co. v Ferris, 257 App Div 415, 417, affd 282 NY 667).
*1100 Consequently, the movability of the barge without injury to the upland is not, as petitioner contends, a relevant circumstance where, as here, economic factors, physical considerations, as well as the conduct of the parties, negate transient and temporary use and spell out an affixation to land under water within the meaning of the statute (Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N. Y., 42 Misc 2d 58, mod 21 AD2d 318, mod 16 NY2d 222; People ex rel. Herzog v Miller, 170 Misc 1063, affd 258 App Div 724, supra; Matter of Consolidated Edison Co. of N. Y. v City of New York, 80 Misc 2d 1065). Even though a right or duty to remove an improvement exists at the expiration of a lease, the structure is taxable as real property when it is affixed upon, under or above the land (Matter of Fort Hamilton Manor v Boyland, 4 NY2d 192; People ex rel. Herzog v Miller, supra).
Although this court is aware of no case dealing directly with the issue presented, it is significant that in Matter of Consolidated Edison Co. of N. Y. v City of New York (supra), not only were the barges on which the generators were constructed taxable under the statute as real property, but in addition thereto, oil barges necessary for the operation of these generators were also included, the court holding these to be an integral part of the system for the generation and distribution of electric power. *
The analogy made by the petitioner to the yachts which are moored to the piers in the marina is without merit. Although these may be secured by tielines and have electric and water connections, there are no steel bands, sewer or other connections which would evidence an intention for permanent annexation. From the very nature of these vessels, their use and purpose, the contrary is true.
In the light of the above, it is this court’s opinion that the barge is legally assessed as real property and the motion of the petitioner must be denied. The cross motion is granted to the extent indicated, and is denied insofar as respondent requests a dismissal of the entire proceedings, as the issues of over-evaluation and inequality, both of which are advanced by the petitioner, are not decided here and must await a trial.